REQUESTED BY: Jack M. Cleavenger, Director, Department of Public Institutions.
1. When a district court orders a mental evaluation in a state institution of a person convicted of a felony but before sentence is imposed, is the county or the state responsible for the costs?
2. What effect, if any, would a subsequent setting aside and vacation of the judgment of conviction because of mental incompetency at the time of trial have upon the liability for such costs?
1. The state.
2. The county of conviction would then be liable the same as if no conviction had occurred.
(1) There are several statutes relating to the maintenance, treatment and evaluation of persons charged and/or convicted of felonies which must be analyzed together in an attempt to reach a logical solution to this question.
Section 29-2261, R.R.S. 1943, authorizes the court, before imposing sentence, to order the offender to submit to a psychiatric observation in any available clinic, mental hospital or by a psychiatrist appointed by the court. The report of this examination is to be submitted to the court. Said section makes no mention of who is responsible for the costs of such examination.
Section 29-1002, R.R.S. 1943, provides that the cost of keeping and maintaining any prisoner after his conviction of any offense punishable by imprisonment in the Nebraska Penal and Correctional Complex, where ever he may be kept and confined, shall be paid by the state.
Section 29-1004, R.R.S. 1943, provides that the cost of keeping and maintaining any person previous to his conviction of an offense punishable by imprisonment in the Nebraska Penal and Correctional Complex shall be paid by the county in which the offense may be committed or alleged to have been committed.
It may, of course, be argued that the cost of a mental evaluation does not come within the terms `keeping and maintaining' in section 29-1002 referred to above.
Section 83-1,105, R.S.Supp., 1976, provides that the court may commit an offender to the Department of Correctional Services for a maximum of 180 days for the purpose of having an evaluation by said department. The statute further provides that the department shall conduct a complete study including his mental health; and that after the offender is returned to the court for sentencing, together with a written report of the study, the court shall then proceed to sentence the offender, but the term of the sentence shall run from the date of the original commitment for study. The section also provides:
 ". . . In order to encourage the use of this procedure in appropriate cases, all costs incurred during the period the defendant is held in a state institution under this subdivision shall be a responsibility of the state, and the county shall be liable only for the cost of delivering the defendant to the institution and the cost of returning him to the appropriate court for sentencing or such other disposition. . . ."
On the other hand, section 29-1823, R.R.S. 1943, provides that prior to trial the district judge may cause a mental examination to be made to determine if the defendant is competent to stand trial. This statute provides that the cost of such examination shall be paid by the county
wherein the crime is charged.
From the foregoing statutes it would appear that the Legislature has generally provided that the state should be responsible for a person after conviction of a felony and that the county where the crime is charged is responsible before conviction.
However, against this general scheme the argument has been advanced that the presentence commitment to the Department of Correctional Services under section 83-1,105 discussed above, covers only examinations in the Department of Correctional Services and does not specifically cover the costs of the Department of Public Institutions at its hospitals, which is the situation under consideration here. As mentioned earlier, section 29-2261, which also authorizes the court, after conviction, to obtain a mental examination at various places is silent as to payment of the cost. Thus, the anomalous situation could arise where the court could commit a convicted person to the Department of Correctional Services for a mental examination and the state would be responsible for the entire cost under section83-1,105, or, instead, the court could send the same person to the Department of Public Institutions under section29-2261(4), and the county, it is argued, should be liable.
The picture becomes even more ludicrous when other statutes conferring powers upon the Director of the Department of Correctional Services are considered: among these are section 83-180, R.R.S. 1943, which authorizes said director to transfer a person committed to his department to the Department of Public Institutions for examination study and treatment when found to suffer a mental defect. There are other statutes authorizing the Director of Correctional Services to evaluate and designate a place of confinement, either inside or outside the Department of Correctional Services, of all persons committed to said Department. It would therefore seem that the charges for a mental examination against a county could be avoided by simply committing a convicted person to the Department of Correctional Services for examination instead of ordering him to submit directly to a psychiatric examination at the Department of Public Institutions under section 29-2261. We are convinced that the Legislature did not intend such a result.
Construing all of the foregoing statutes together, it is our opinion that the state is responsible for the cost of mental examination, as well as the maintenance of persons, in either the Department of Correctional Services or the Department of Public Institutions after such persons have been convicted of a felony.
(2) You also have inquired as to the effect upon the liability for such costs where the court sets aside or vacates the conviction because of a later finding of incompetency to stand trial.
Section 29-3001, et seq., R.R.S. 1943, (known as the Post Conviction Act) provides that the court may vacate and set aside a judgment of conviction and discharge the prisoner, resentence him or grant a new trial as may appear appropriate upon a finding by the court that the constitutional rights of the prisoner were violated in obtaining his conviction. Such an order was entered by the court in the case under consideration after receipt of the report of the mental examination and a motion to vacate filed by the prisoner.
In our opinion, an order vacating and setting aside conviction has the same result as if no conviction had been obtained.
In the present case, the court, after having committed the prisoner to the Penal and Correctional Complex for an examination, entered an order that he be transferred and committed to the Lincoln Regional Center for psychiatric treatment and evaluation. Since the court vacated the conviction upon receipt of the report of this examination, we assume that the defendant's constitutional rights were violated in that he was not mentally competent to stand trial. On this assumption, the mental examination, in our opinion, should be viewed as if it had been conducted under section29-1823, R.R.S. 1943, mentioned above, which is the statute setting forth the authority and procedure for determining an accused's mental competency to stand trial. As mentioned earlier, this section provides that the cost of determining such mental competency shall be paid by the county wherein the crime is charged. It is our opinion that in the limited situation described by you in question 2, the county would be liable.